McAdam, C. J.
—The plaintiff held a contract for the purchase of certain real estate from the executors of John B„ West, on which he had paid $200. He was dissatisfied with the title, and negotiations were started with a view to curing the objections. The executors thereafter sold the property to Andrew J. Connick at an increased price. Con-nick knew of the contract with the plaintiff, and refused to take title until the plaintiff’s contract was gotten out of the way. The plaintiff then made an agreement with the defendant whereby the defendant agreed to pay the plaintiff $1,050 if he did not prevent the carrying out of the contract with Connick. The plaintiff observed the agreement with the defendant, and did not prevent, but assented to the carrying out of the contract with Connick. It was not necessary for the plaintiff to execute a formal instrument releasing his claim—none was required by the parties in interest.
The new purchaser paid the consideration money, and the defendant presumably received the $1,050 coming to the plaintiff, for on closing the title, the attorney for Connick said to the defendant, “How about Lurtig’s money; shall we keep it out ” of the purchase price % The defendant said, no; “I” will take care of Mr. Lurtig. Whereupon the attorney for Connick said to his client, “It’s all right;” and the purchase was thereupon closed. The defendant failed to pay over the $1,050, and this action was brought to recover the amount. Upon proof of these facts (which were uncontradicted), the jury found a verdict in favor of the plaintiff for $1,100, the amount claimed, with interest. The defendant claims: (1) That the agreement to pay $1,050 was the promise to answer for the debt of another; and void because not in writing, (2) that the contract did not bind him, but the executors of John B. West, whom he represented. We hold: (1) That the promise was an original undertaking on the part of the defendant to pay a debt which he himself created when he made the agreement. The debt had no existence prior to the time the defendant created it, and no one else was primarily liable for the payment of the same. The promise was in no sense collateral. (2) That the agreement bound the defendant personally. He did not disclose that he was contracting for the executors, nor has he shown any authority from them to bind them to the agreement made. The contract was that the defendant— not the executors—would pay. The defendant offered no *282 evidence and gave no explanation whatever in respect to the matters complained of. The verdict was right and the judgment entered upon it must be affirmed, with costs.
Hall, J., concurs.